UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

GARY HUMPHREY, et ano,

                              Plaintiffs,          ORDER

          - against -                    CV 2005-0412 (ARR)(MDG)

RITE AID PHARMACY, et ano,

                              Defendants.

- - - - - - - - - - - - - - - - - - X

          Plaintiffs bring this action for violation of their civil
rights and racial harassment arising from an allegedly wrongful
search of the two infant plaintiffs conducted by the defendant
security guard.  Defendants have moved to compel the infant
plaintiffs to submit to mental examinations and the plaintiff
fathers to submit to interviews by Dr. Stuart B. Kleinman, a
licensed forensic psychiatrist.  Ct. doc. 23.

          Contrary to the plaintiffs' claim, this Court had previously
considered whether defendants could have an mental health expert
examine the plaintiffs.  While the Court understands that there
is no bright line rule entitling a defendant to a mental
examination in every case where a plaintiff claims emotional
distress, the right to examination is not an issue where
plaintiffs themselves seek to introduce their own mental health
expert at trial.  Thus, in setting a schedule for experts, which
was essentially only for medical experts, this Court contemplated
that defendants would retain a mental health expert to rebut any
expert that plaintiffs decided to present.  Needless to say,
should the expert require an examination of the infant
plaintiffs, this Court will permit such examinations.  Likewise,

should the expert need to interview the fathers of the infant plaintiffs, as has plaintiffs' expert, that is also permissible.

However, this Court agrees with plaintiffs that limitations on the examinations are appropriate. See <u>Hirschheimer v. Associated Metals & Minerals Corp.</u>, NO. 94 CIV. 6155 (JKF), 1995 WL 736901, at *5 (S.D.N.Y. Dec. 12, 1995). The submissions before the Court do not set forth the extent and nature of the examination. If they have not yet done so, defendants should provide plaintiffs with general information in this regard, including whether there will be testing and the length of any interview and testing. This Court notes that, generally, an examination lasting not more than seven hours will be found to be reasonable. <u>Id.</u>

Plaintiffs' complaint that defendants' expert is a psychiatrist is ludicrous and their argument that the expert is biased can be explored at trial.

<u>CONCLUSION</u>

Defendant's motion to compel plaintiff's mental examination is granted, subject to the limitations within the guidelines set forth above.

**SO ORDERED.**

Dated:    Brooklyn, New York
          January 3, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE