UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -X

GARY HUMPHREY, et ano,

                Plaintiffs,

                                   ORDER

    - against -

                                   CV 2005-0412 (ARR)(MDG)

RITE AID PHARMACY, et ano,

                Defendants.

- - - - - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served on:

       BRENDA GEORGE.

- - - - - - - - - - - - - - - - - - - - -X

    Defendants have moved by letter application dated December 23, 2005 to compel BRENDA GEORGE (the "deponent") to comply with a subpoena requiring her to produce documents and testify at a deposition. As set forth in the letter application, deponent failed to appear on the date set forth in a subpoena served upon her.

    Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991 Amendment

to Fed. R. Civ. P. 45; <u>Board of Govenors of Federal Reserve System v. Pharaon</u>, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e). <u>See</u> <u>also</u> <u>Daval Steel Products v. M/V Fakredine</u>, 951 F.2d 1357, 1364 (2d Cir. 1991) Indeed, the judicial power to hold in contempt a non-party who has failed to obey a valid subpoena is the primary mechanism by which a court can enforce a subpoena. <u>See</u> Practice Commentary to Rule 45(e), 28 U.S.C. ¶C45-26.

Since defendants allege that Ms. George has already cashed the check for attendance which was served with the subpoena, the Court finds that the subpoena in question is valid and properly served upon the deponent. Defendants claim that Ms. George had advised that plaintiff Cumberbatch had told her not to attend. If this is indeed the reason for her non-appearance, she is advised that that is not a valid reason to refuse compliance with a subpoena.

## **CONCLUSION**

The deponent, BRENDA GEORGE, is hereby **ORDERED** to comply with the subpoena. She must <u>immediately</u> contact Andrew Gurman or other attorney at Paul Hastings, counsel for defendants, to arrange for a mutually convenient date for a deposition to appear to produce documents requested by the subpoena and to give testimony. Deponent must call counsel for defendants by January

23, 2006 and appear for a deposition to be held on or before <u>February 3, 2006</u>.

**Brenda George is warned that if she fails to comply with this order, she could be subject to contempt proceedings for failure to respond to the subpoena and this order. If found in contempt of the subpoena or this order, she would be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply with a court order.**

Defendants are directed to serve a copy of this order by overnight mail upon the deponent.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 3, 2006

_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE