UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
GARY HUMPHREY, et ano,

                Plaintiffs,

      - against -

RITE AID PHARMACY, et ano,

                Defendants.
- - - - - - - - - - - - - - - - - - - - X

ORDER

CV 2005-0412 (ARR)(MDG)

     This order addresses defendants' motion to compel documents. It is granted as follows:

     1.  <u>Medical Records</u>.  At a conference on August 31, 2005, this Court granted defendants' application to compel and ordered the infant plaintiffs to identify medical service providers who provided treatment within a year of the incident.  I placed substantial temporal limits on the records to be obtained in light of the absence of claims for physical injury and the fact that defense counsel indicated the records were sought primarily to verify the size of the infant plaintiffs at the time of the incident.  The medical records of the doctor who treated Ms. Cumberbatch for rheumatic fever would certainly be probative of this fact.  Lest the records be lacking in such information, this Court modifies the prior ruling to extend the time period to two years before the incident.  In any event, the records may provide a useful baseline as the plaintiff's mental condition is at issue in this case.

     2.  <u>School Records</u>.  Although not reflected in the minute entry for the initial conference on March 26, 2005, this Court

ruled that defendants could obtain school records, given allegations that the incident in question affected the infant plaintiffs' school performance. Plaintiffs must provide the requested authorizations which were requested. Whether or not the defendants already have the records, which were subpoenaed from the schools in question, does not negate plaintiffs' obligation to respond to legitimate discovery requests. Authorizations may, in fact, be necessary to facilitate production of records by school authorities.

Plaintiff Ulric Cumberbatch must verify his supplemental interrogatory responses. His prior verification will not suffice for the responses made after his initial interrogatory responses.

3. <u>Expert Disclosures</u>. Plaintiffs have agreed to provide the disclosures of their fee arrangement with Dr. Rubin. However, they are wrong in contending that the information need not be disclosed until thirty days after defendants' motion. Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure requires disclosures of the compensation to be paid to a retained expert. The Court initially set a deadline of October 5, 2005 for plaintiffs to serve expert disclosures, a deadline which was subsequently extended several times.

4. <u>Sanctions</u>. This Court agrees that plaintiff Cumberbatch unjustifiably failed to provide the medical authorization, as ordered. From this Court's perspective, plaintiffs have, during the course of this litigation, inexplicably resisted providing discovery and impeded production of relevant information. Tellingly, plaintiffs have complained that defendants have been

overly litigious.  While the defendants may indeed have more resources to devote to this litigation, parties nonetheless cannot resist proper discovery requests and unilaterally refuse to provide discovery ordered.  Nor should they make wild claims that school records are privileged.  <u>See</u> letter dated December 21, 2005 of Chidi Eze (ct. doc. 21) at 2.

This Court thus grants defendants' request for sanctions, since plaintiffs clearly had no valid reason not to provide the authorization for medical and school records.  Plaintiffs' counsel is sanctioned $150, $50 payable to defendants' counsel by January 20, 2006 and $100 within five days after conclusion of this case.  Plaintiffs' request for sanctions is denied as without basis.

**SO ORDERED.**

Dated:     Brooklyn, New York
           January 3, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE