UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

GARY HUMPHREY, et ano,

                      Plaintiff,

                                      ORDER
      - against -

                                    CV 2005-0412 (ARR)(MDG)

RITE AID PHARMACY, et ano,

                      Defendants.
- - - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served on:

        Earlene David.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

     Andrew L. Gurman, an attorney with Paul, Hastings, Janofsky & Walker, LLP, the attorneys for defendants, has moved by letter application dated February 3, 2006 to compel Earlene David (the "deponent") to comply with a subpoena requiring her to testify at a deposition. As set forth in Mr. Gurman's letter, the deponent neither appeared on the date set forth in a subpoena served upon her nor responded to his telephone message that she contact him immediately to schedule a deposition.

     Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3)

operate as enforceable mandates of the court on whose behalf they are served.  See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued.  Fed. R. Civ. P. 45(e).  See also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991).  Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena.  See Practice Commentary to Rule 45(e), 28 U.S.C. ¶C45-26.

Having examined the affidavit of service attached to the letter of Mr. Gurman, the Court finds that the subpoena in question was properly served upon the deponent when it was affixed to deponent's door and mailed to her after five attempts to serve her personally.  See Catskill Development, LLC v. Park Place Ent'mt Corp., 206 F.R.D. 78, 84 n.5 (S.D.N.Y. 2002) (substitute service followed by mailing was sufficient under Rule 45); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (same); N.Y. C.P.L.R. § 308(3); see also Fed. R. Civ. P. 4(e) (expressly incorporating forum state's procedural law for service of summons and complaint).  However, given the short time the deponent was given to respond, she is given an additional opportunity to comply.

The deponent, Earlene David, is hereby ORDERED to comply with the subpoena. She must call Mr. Gurman by February 24, 2006 to arrange for a mutually convenient date for a deposition and appear for such deposition on the agreed date, which be on or before March 24, 2006.

**Earlene David is warned that if she fails to comply with this order, she could be subject to contempt proceedings for failure to respond to the subpoena and this order. If she is found to be in contempt of the subpoena or this order, she would be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs. If the failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

**Defendants are directed to serve a copy of this order by overnight mail upon the deponent.**

　　**SO ORDERED.**

Dated:　　Brooklyn, New York
　　　　　February 10, 2006

　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　MARILYN DOLAN GO
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE