UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

GARY HUMPHREY, et ano,

                          Plaintiff,

                                      ORDER
    - against -
                                 CV 2005-0412 (ARR)(MDG)

RITE AID PHARMACY, et ano,

                          Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    This order addresses the various applications of the parties to compel discovery, for extensions of discovery, for a protective order and for sanctions which are set forth in defendants' letter motion for a discovery order modification filed on February 24, 2006 by defendants (ct. doc. 54) and reply letters (ct. doc. 56, 59), plaintiff's letters in response (ct. doc. 55, 58) and defendants' letter motion to compel and for an extension filed on March 24, 2006 (ct. doc. 60).

Time Limit on Earlene David's Deposition

    Plaintiff's counsel, Chidi A. Eze, claims that the deposition of non party Earlene David, plaintiff Whitney Humphrey's mother, should be limited to three hours because the Court had previously ruled that the depositions of the infant plaintiffs' mothers would be so limited at an August 31, 2005 telephone conference. See ct. docs. 55, 58. However, plaintiffs' counsel is incorrect that I limited the depositions of the infant plaintiffs' mothers at the August 31, 2005

conference or any other conference. Neither the docket entry memorializing the August 31, 2005 conference nor my notes indicate that I had imposed any such limitation.

In any event, plaintiffs' counsel has not made the requisite showing to justify limiting Ms. David's deposition. A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). However, a district court may limit discovery "for good cause shown" by making "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. Fed. R. Civ. P. 26(c). Similarly, under Fed. R. Civ. P. 45, the court may "quash or modify the subpoena if it . . . subjects [the non-party] to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)).

Defendants seek to depose Ms. David regarding plaintiff Whitney Humphrey's emotional well-being which is relevant to her claim for emotional distress damages. Plaintiff has not shown that a deposition lasting longer than three hours would create an undue burden on Ms. David. Thus, Ms. David's deposition will not be so limited.

Discovery Extension

Defendants seek an extension of fact discovery to follow-up on matters relating to Ms. David's March 29 deposition. Defense counsel moved to compel Ms. David's deposition on December 23, 2005 (ct. doc. 25) which I denied without prejudice to a further showing that Ms. David was properly served (ct. doc. 32). On February 10, 2006, I granted defendants' renewed motion to compel Ms. David's deposition. See ct. doc. 53. According to defense counsel, he has been attempting to schedule Ms. David's deposition since February 15, 2006 and the first day that she is available is March 29, 2006. See ct. doc. 56 at 2-3, Exh. C. Given defendants' diligence in attempting to schedule Ms. David's deposition, discovery is extended until May 14, 2006 to permit defendants to conduct follow-up discovery concerning Ms. David's deposition with the warning that any request must be served at least 30 days before this date.

Defendants also request an extension of time to submit defendants' expert reports until four weeks after Whitney Humphrey's continued examination. See ct. doc. 60. Since the deadline for defendants' expert reports is March 31, 2006 and plaintiffs have not yet responded to defense counsel's March 24, 2006 motion to compel Whitney Humphrey's continued examination, I will grant an extension but defer ruling on the length of the extension until I render a decision on defendants' motion to compel.

Deposition of Lincoln Esbrand

Defendants seek leave to depose non party witness Lincoln Esbrand, plaintiff Whitney Humphrey's school guidance counselor. Defendants served Esbrand with a subpoena on February 3, 2006, the date of the discovery deadline. Plaintiffs object to the taking of Esbrand's deposition on the grounds of relevance. However, "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." Estate of Yaron Ungar v. The Palestinian Auth., 400 F. Supp.2d 541, 554 (S.D.N.Y. 2005) (quoting Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)). Plaintiffs have not raised any claim of privilege. Therefore, plaintiffs lack standing to object to Esbrand's deposition. Accordingly, defendants are granted leave to depose Esbrand before May 14, 2006.

Reconsideration of February 10, 2006 Order Denying Sanctions

At a conference held on February 10, 2006, I denied cross-motions for discovery sanctions. See minute entry for conference held on February 10, 2006. At the conference, and by letters dated February 24 and March 6, 2006, counsel for defendants requested that I reconsider my decision denying sanctions against plaintiffs. Transcript of Conference Held on February 10, 2006 at 25; ct. docs. 54, 56.

Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trans. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Having reviewed the submissions, defendants' motion for reconsideration is denied.

Plaintiffs' Motion for Sanctions

Plaintiffs request sanctions against defendants for defense counsel's February 24, 2006 letter requesting clarification of this Court's February 10, 2006 order. See ct. docs. 55, 58. In their February 24 letter, defendants requested clarification that plaintiffs were required to respond to defendants' discovery requests served on February 2, 2006. See ct. doc. 54. Plaintiffs assert that defendants' letter was premature and frivolous because plaintiffs would timely respond to those requests. However, plaintiffs misconceive that aspect of defendants' application. Defendants did not move to compel responses to those discovery requests. Instead, defendants merely sought a clarification as to whether this Court's February 10, 2006 order was intended to address plaintiffs' response to defendants' February 2 discovery requests. Thus, sanctions are not warranted.

CONCLUSION

For the foregoing reasons, the Court rules as follows. Plaintiffs' motion to limit Earlene David's deposition to three hours is denied. Defendants' motion to extend the time for defendants' expert reports is granted but the length of the extension is deferred. Defendants' motion for reconsideration is

denied.  Defendants are granted leave to depose Lincoln Esbrand by May 14, 2006.  Plaintiff's motion for sanctions is denied. Defendants' motion to extend discovery to follow-up on matters raised at Ms. David's deposition is granted.  Discovery is extended to May 14, 2006 only as to the discovery discussed in this order.

**SO ORDERED.**

Dated:    Brooklyn, New York
          March 28, 2006

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE